## Peerless Soda Fountain Company v. Schneyer.

*E. N. Polisher*, for rule; *Leon B. Miller*, contra.

MARTIN, P. J., Oct. 21, 1929.—Plaintiff is the holder of a bailment lease containing authority for an attorney to enter judgment against the person who executed the lease. The attorney for plaintiff applied to the prothonotary to enter judgment.

Upon refusal of the prothonotary to enter judgment, a petition was presented to the court on behalf of plaintiff, averring that it is the original holder of the instrument in writing, a copy of which is attached to the petition.

A rule was granted to show cause why judgment should not be entered in favor of the Peerless Soda Fountain Company against David Schneyer, upon the presentation or filing with the prothonotary of a true and correct copy of the original lease between the parties.

An examination of the lease discloses that the warrant of attorney constitutes an integral part of the lease.

Rule No. 139 of the Rules of the Courts of Common Pleas of Philadelphia County provides that: "Where the warrant of attorney constitutes an integral part of a lease or other original contract, it shall be sufficient to file a copy of the lease or contract."

There is no denial of the facts alleged in the petition. Application was made to the prothonotary to enter judgment pursuant to the warrant of attorney constituting an integral part of the lease.

Upon a copy of the lease being offered to the prothonotary for filing, the judgment should be entered. Rule absolute.